Wisconsin DEPARTMENT OF REVENUE,
Petitioner-Respondent,

v.

Gene E. GREILING, Appellant-Petitioner.

Supreme Court

*No. 81–2213. Argued April 26, 1983.—Decided June 1, 1983.*

(Also reported in 334 N.W.2d 118.)

For the appellant-petitioner there were briefs by *Gregory B. Conway, William C. Griesbach* and *Liebmann, Conway, Olejniczak & Jerry, S.C.,* Green Bay, and oral argument by *Gregory B. Conway.*

For the petitioner-respondent the cause was argued by *Gerald S. Wilcox,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

Amicus Curiae brief was filed by *Diane S. Gutmann, Brady C. Williamson* and *La Follette, Sinykin, Anderson & Munson,* Madison, for Wisconsin Upper Michigan Florists Association, Commercial Flower Growers of Milwaukee, Wisconsin Nurserymen's Association, Fox Valley Florists' Association, Carlin Sales Corporation and Schroeder's Greenhouse.

STEINMETZ, J. The issue in this case is whether a greenhouse with shading, irrigation and ventilation systems is a machine used in floriculture thereby qualifying its components for an exemption from the state use tax under sec. 77.54(3), Stats.[1] More specifically, the issue is whether the purchase by the taxpayer (Gene L. Greiling) of shaped metal tubing and polyethylene film from out-of-state retailers to construct a greenhouse is exempt from the use tax.

The taxpayer owns and operates a wholesale bedding

---

[1] Sec. 77.54(3), Stats., provides as follows:

"77.54 **General exemptions.** There are exempted from the taxes imposed by this subchapter:

". . . .

"(3) The gross receipts from the sales of and the storage, use or other consumption of tractors and machines, including accessories, attachments, fuel and parts therefor, used directly in farming, including dairy farming, agriculture, horticulture or floriculture, but excluding automobiles, trucks, and other motor vehicles for highway use, when engaged in by the purchaser or user as a business enterprise, but the purchaser of property exempt under this subsection shall be liable for use tax under s. 77.57 at the time any more than nominal other use, including job contracting other than the performance of farm services by one farmer for another with machinery customarily used by the performing farmer in his own farming operation, is made of such property."

and potted plant business in Denmark, Wisconsin. He produces potted plants and bedding plants, both flower and vegetable, which are then sold to other greenhouses, commercial farmers or retailers in a four-state area, including Wisconsin, Michigan, Illinois and Minnesota.

The plant material sold by the taxpayer is produced in a commercial greenhouse which extends over an area of approximately nine acres of land. The greenhouse consists of an enclosure constructed out of metal tubing and polyethylene film with shading, irrigation and ventilation systems which operate together to provide the optimum environment for plant production. It closely monitors and controls the temperature, humidity, airflow and sunlight to enable maximum plant growth. No retail selling is done out of the greenhouse, and employee work areas and storage areas are located in the permanent buildings which are adjacent to the greenhouse. Those buildings are not subject to this appeal.

In 1978, the Department of Revenue (department) issued a use tax assessment against the taxpayer based on the precut, shaped metal tubing and polyethylene film that formed the framework for the greenhouse. These materials were purchased from out-of-state retailers during the years 1972 through 1976. No assessment was levied on any of the other components to the greenhouse.

The taxpayer appealed to the Wisconsin Tax Appeals Commission. The commission reversed the department's action on grounds not relevant to this appeal on January 25, 1980. The department filed a petition for review with the circuit court for Dane county, the Honorable William F. Eich, pursuant to ch. 227, Stats. The circuit court reversed the decision of the Tax Appeals Commission on November 11, 1981. The circuit court's judgment was affirmed by the court of appeals in three separate, unpublished decisions issued September 10, 1982.

Wisconsin imposes a tax on the "storage, use or other consumption in this state of tangible personal property

. . . purchased from any retailer." Sec. 77.53(1), Stats.[2] Exempt from this tax are "machines, including accessories, attachments, fuel and parts therefor, used directly in farming, including dairy farming, agriculture, horticulture or floriculture . . . ." Sec. 77.54(3).

It is the claim of the taxpayer that a modern, commercial greenhouse is a machine exempt from the use tax. It is a well-established rule of statutory construction that tax exemptions, since they are matters of legislative grace, are strictly construed against granting the exemption. *Ramrod, Inc. v. Department of Revenue,* 64 Wis. 2d 499, 504, 219 N.W.2d 604 (1974). However, the interpretation of an exemption need not be unreasonable or the narrowest possible. *Columbia Hospital Asso. v. Milwaukee,* 35 Wis. 2d 660, 668, 151 N.W.2d 750 (1967). One who claims an exemption has the burden of showing that the property is clearly within the terms of the exception. Doubts are resolved against the exemption and in favor of taxability. *First Nat. Leasing Corp. v. Madison,* 81 Wis. 2d 205, 208, 260 N.W.2d 251 (1977).

The word "machine" is not defined in the statutes; however, it must be noted the section refers to machines used directly in floriculture. The department relies on a definition which defines a machine as "an assemblage of parts that transmit forces, motion and energy one to another in a predetermined manner." Webster's New Collegiate Dictionary (1977). That definition is only concerned with the engineering aspects of a machine and is not necessarily a relevant nor proper definition when applied to floriculture. "Machine" may be a nontechnical

---

[2] Sec. 77.53(1), Stats., provides as follows:

"77.53 **Imposition of use tax.** (1) An excise tax is hereby levied and imposed on the storage, use or other consumption in this state of tangible personal property or taxable services described in s. 77.52 purchased from any retailer at the rate of 4% of the sales price of the property or taxable services, except that from May 1, 1982, to June 30, 1983, the rate is 5% and except commencing July 1, 1983, the rate is as provided in s. 77.533."

common-place word; however, it is not the word "machine" by itself that is to be analyzed, but the word in conjunction with its use in floriculture that must be considered. More appropriate definitions are:

(1) "a structure consisting of a framework and various fixed and moving parts, for doing some kind of work." Webster's New World Dictionary Second College Edition (1980).

(2) "every mechanical device or combination of devices to perform some function and produce a certain effect or result." 69 C.J.S. *Patents,* sec. 10 at 183 (1951).

Testimony introduced before the Tax Appeals Commission described the function of the greenhouse at issue. It stated:

"Its purpose is to regulate the sunlight and the atmosphere and the temperature over the area in which the plant material is growing. The structure itself acts as a piece of machinery, in that it filters the sunlight, regulates the amount of evaporation and the temperature, and that if we modified the structure or changed the structure, it would interfere with the growth of the plants."

It is obvious from this record that a greenhouse such as the one in this case does not function simply as a shelter or storage area for plants. Instead, it actively produces the artificial environment necessary to produce plants for commercial use and as such could be considered a machine.

Courts have resolved similar tax issues regarding the classification of structures by considering both the physical appearance and function of the structures at issue. In *Ladish Malting Co. v. Dept. of Revenue,* 98 Wis. 2d 496, 297 N.W.2d 56 (Ct. App. 1980), the court of appeals considered a property tax exemption. In that case the taxpayer argued that certain property consisting of attemporators, kilns and malt elevators were exempt from

state property taxation under the so-called "M & E" exemption which applies to "[m]anufacturing machinery and specific processing equipment, exclusively and directly used by a manufacturer in manufacturing tangible personal property." Sec. 70.11(27), Stats. The statute specifically excluded from the exemption "materials, supplies, buildings or building components." The department had taken the position that none of the property in question was a machine, but rather each was a building and thus the exemption did not apply. The court of appeals refused to apply a narrow "physical appearance" test and instead adopted the "use or function" test for determining whether the structures were machines. Under the test the court explained: "[T]he central question is whether the structure is one 'whose utility is principally and primarily a significantly contributive factor in the actual manufacture or production of the product itself.'" *Id.* at 506, quoting Mertens, 5 Law of Federal Income Taxation sec. 32A.14, at 50 (rev. ed. 1980).

While it is true that the *Ladish* court was interpreting a different tax statute than the one at issue in this case, we see no reason why the "use or function" test should not be applied to the instant case. We believe that the test should be determinative when resolving use tax exemption issues.

Applying the "use or function" test to the greenhouse in this case, we conclude that it is a machine. This greenhouse was designed solely to nurture and produce plants. It cannot be viewed merely as a storage facility because it has an active function of creating and controlling an environment conducive to the production of floricultural crops. This greenhouse is a significant contributive factor in the production of plants. On this record, it has no other purpose or function, nor could it be successfully adapted to another use.

Two federal cases, *Thirup v. Commissioner of Internal Revenue*, 508 F.2d 915 (9th Cir. 1974) and *Stuppy, Inc. v. United States*, 454 F. Supp. 1378 (W.D. Mo. 1978), considered the issue of whether a greenhouse was a building for purposes of the investment tax credit. The courts applied the "use or function" test and concluded that they were not buildings. Both courts were influenced by the specialized functions that greenhouses perform. The *Stuppy* court even noted that "greenhouses are machine-like in their function." *Id.* at 1384. While we are not confronted with the issue of whether the greenhouse at issue is a building, we find the emphasis placed by the courts on the functional characteristics of a greenhouse persuasive.

Since we find that this greenhouse is a machine under sec. 77.54(3), Stats., and since the parts of an exempted machine are also exempted from the use tax, it follows that the polyethylene film and metal tubing used in the greenhouse's construction are exempted.

*By the Court.*—The decision of the court of appeals is reversed.