## PULSFUS POULTRY FARMS, INC., Larry W. Pulsfus and Jayne E. Pulsfus, Plaintiffs-Respondents,

v.

## TOWN OF LEEDS, a Wisconsin municipal corporation, Defendant-Appellant-Petitioner.

Supreme Court

*No. 87–1033. Argued March 29, 1989.—Decided May 25, 1989.*

(Also reported in 440 N.W.2d 329.)

For the defendant-appellant-petitioner there were briefs by *Jeffrey P. Clark, Jean M. Williams,* and *Lathrop & Clark,* Madison, and oral argument by *Jeffrey P. Clark.*

For the plaintiffs-respondents there was a brief by *Jean G. Setterholm* and *DeWitt, Porter, Huggett, Schumacher & Morgan, S.C.,* Madison, and oral argument by *Ms. Setterholm.*

Amicus curiae briefs were filed by *Jeffrey T. Roethe* and *Roethe, Buhrow, Roethe, Pope & Fish,* Edgerton, for Wisconsin Agri-Business Council, Inc., Property Tax Network, Wisconsin Corn Growers Association, and Wisconsin Pork Producers Association; and by *Richard J. Stadelman,* Shawano, for Wisconsin Towns Association.

DAY, J.    This is a review of a decision by the court of appeals, *Pulsfus Farms v. Town of Leeds,* 144 Wis. 2d 729, 424 N.W.2d 737 (Ct. App. 1988), which affirmed a judgment of the Circuit Court for Columbia County,

Honorable Earl J. McMahon, Judge. The circuit court found that a layer house and its contents, owned by Pulsfus Poultry Farms, Inc., (Pulsfus), constituted farm machinery used in farming and was exempt from taxation pursuant to sec. 70.111(9), Stats. 1983–84.[1] The Town of Leeds (Town) was ordered to reimburse Pulsfus for the taxes illegally assessed, levied and collected on the property. The court of appeals affirmed the judgment of the circuit court. Neither court determined whether the layer house or its contents was real or personal property. We reverse because we hold that the layer house is real property, that the contents in question are fixtures attached to the real estate and are part of the real estate. They are therefore not exempt by sec. 70.111(9).

The issues presented are: First, whether real property is exempt from taxation by sec. 70.111(9), Stats.? We conclude that only personal property is exempt pursuant to this statute. Second, is the Pulsfus layer house and its contents exempt from taxation by the Town pursuant to sec. 70.111(9)? We conclude the layer house is a building and its contents are fixtures attached to real estate. Therefore, they do not qualify for the exemption provided by sec. 70.111(9). Thus, we reverse the decision of the court of appeals.

The basic facts are undisputed. Pulsfus is engaged in producing and marketing eggs. The "layer house"

[1] **70.111 Personal property exempted from taxation.** The property described in this section is exempted from general property taxes: ... **(9)** Tools, Machinery. The tools of a mechanic kept and used in the mechanic's trade and farm, orchard and garden machinery implements and tools, actually used by any person in farming or in the operation of any orchard or garden including leased machinery and implements, and machinery and implements used for custom farming services, or any new farm machinery, stocked and owned by a retailer for farm use.

contains cages wherein approximately 86,000 layer hens produce eggs. This layer house is a special purpose structure built, designed, and operated specifically for the mass production of eggs. It is made of steel beam framing and metal siding resting on a concrete foundation. The bottom portion supports the balance of the structure and related equipment and also provides for the collection of chicken manure.

There are three tiers of hen cages which are interconnected and supported by truss rods. There is an automatic water system which is attached to the cages. This system is directly connected to the Pulsfus well. It also carries medication to the hens. Two large bulk storage bins are mounted on an "I" beam and scale which are bolted onto a six-inch-thick piece of concrete. These bins are located outside but supply food which is transported by feed troughs located outside the cages. Eggs are collected by a conveyor belt system which runs underneath the cages. It transports the eggs directly to the packing facility. This belt system is hung from the top of the ceiling. The main electrical equipment is built into the building and attached to the outside of the house. The internal electrical system is hung on the walls. There is also a backup generator which is in the building and which automatically activates if there is a power interruption. The layer house's ventilation system is connected to the electrical system and is also built into the walls of the layer house.

The cage system, the feeder system, the water system, the electrical system, and the egg collecting system are all interconnected. There is a system of walkways for the operator to use to observe and treat the hens and repair the system. An operator, however, spends only a few hours a day working in the layer

house. The layer house creates an automated controlled environment for the efficient production of eggs.

In 1983, the Town assessed the layer house and its contents as real estate subject to taxation.[2] The amount of the assessment is not in dispute. Rather Pulsfus alleges the layer house is exempt from taxation pursuant to the exemption provided by sec. 70.111(9), Stats. After unsuccessfully appealing this decision to the Town's Board of Review, Pulsfus initiated this action to declare that the Town's "assessment, levy and collection of a tax" against the layer house was "unlawful, without authority and void." It also requested an injunction against the Town from assessing or collecting any taxes from them for property used in the production of eggs, and a money judgment "for the total amount of the tax unlawfully levied against Plaintiff Pulsfus' real property and collected from [Pulsfus] under protest."

After a one-day trial, the circuit court issued a written decision in favor of Pulsfus. Using the "use or function" test as stated in *Ladish Malting Co. v. Dept. of Revenue,* 98 Wis. 2d 496, 297 N.W.2d 56 (1980), and *Revenue Dept. v. Greiling,* 112 Wis. 2d 602, 334 N.W.2d 118 (1983), the circuit court found that "the layer house, with its integrated cages, wiring, water piping, feed and egg conveyors, and support equipment, constitutes farm machinery used in farming and comes within

---

[2] In 1984, the Town's assessor designated some of the contents as personal property for the 1984 tax year because of its shorter life span when compared to the building's life span. This designation was a compromise reached by the assessor and Pulsfus "so it could be depreciated over a seven to ten year period." After reviewing the building, however, the assessor stated she believed this equipment was a fixture and that she "would put it back into real estate." The 1984 assessment is not before us.

the exemption of sec. 70.111(9) of the Wisconsin Statutes." The circuit court noted the Town's contention that the facility was a building and its contents were fixtures and therefore not exempt, but refused to rely on that theory for its decision. The Town appealed.

The court of appeals affirmed the decision of the circuit court. It held that the "use or function" analysis was the only one required to decide whether the layer house was exempt and that the circuit court had "correctly applied that test to the Pulsfus layer house." *Pulsfus*, 144 Wis. 2d at 737. In a footnote, it rejected the Town's argument that only personal property was exempt under sec. 70.111(9), Stats. "Whether the facility is attached to the realty, or has a building-like appearance, or has incidental functions, is immaterial under the cases defining and applying the use-function test." *Id.* 144 Wis. 2d at 732–33 n. 1.

Judge Gartzke in his dissent agreed with the majority's conclusion that the facility was a machine, but concluded "[t]he majority's analysis is incomplete." *Id.* 144 Wis. 2d at 737 (Gartzke, J., dissenting). Adopting the Department of Revenue's interpretation of sec. 70.111(9), Stats., he determined "that farm machinery is exempt only if it is not a fixture." *Id.* 144 Wis. 2d at 741. Judge Gartzke then concluded that "the layer facility, its interior installations and the storage bins are fixtures." Although it is a farm machine under sec. 70.111(9), "it is not exempt from general property taxes." *Id.* 144 Wis. 2d at 744. The Town petitioned this court for review which was accepted.

This case involves the construction of sec. 70.111(9), Stats., and whether it applies to the Pulsfus layer house. A question of statutory construction is a question of law. *Sacotte v. Ideal-Werk King & Priester,* 121 Wis. 2d 401, 405, 359 N.W.2d 393 (1984). This court

decides questions of law independently and without deference to the reasoning of the lower courts. *Ball v. District No. 4, Area Board,* 117 Wis. 2d 529, 537, 345 N.W.2d 389 (1984).

When construing a statute, the primary source of construction is the language of the statute itself. If the statute's meaning is unambiguous on its face, this court will look no further. *Id.* 117 Wis. 2d at 538. A statute is ambiguous, however, if it is "capable of being interpreted by reasonably well informed persons in either of two or more senses." *In re. Estate of Haese,* 80 Wis. 2d 285, 292, 259 N.W.2d 54 (1977). Ambiguity can be created by the interaction of two separate statutes. *In Matter of Estate of Walker,* 75 Wis. 2d 93, 102, 248 N.W.2d 410 (1977).

The Town asserts the statute, sec. 70.111(9), Stats., *see* note 1, is ambiguous as to whether real, personal, or both types of property are exempt. Pulsfus contends the statute is clear that all types of property are exempt. We conclude the statute is ambiguous.

In his dissent Judge Gartzke stated that reasonable persons could disagree as to whether or not "farm machinery" which is also a fixture is exempt under sec. 70.111(9), Stats. *Pulsfus,* 144 Wis. 2d at 737 (Gartzke, J., dissenting). We agree with Judge Gartzke's observation.

In construing a statute, the entire section and related sections are to be considered in its construction or interpretation. *State v. Clausen,* 105 Wis. 2d 231, 244, 313 N.W.2d 819 (1982). Interrelated tax exemption subsections should be construed in *pari materia. See Columbia Hosp. Asso. v. Milwaukee,* 35 Wis. 2d 660,

669, 151 N.W.2d 750 (1967) (Exemptions under sec. 70.11 Stats., are to be construed in *pari materia*).

Judge Gartzke noted another subsection of sec. 70.111, Stats., is sec. 70.111(14). *Pulsfus,* 144 Wis. 2d at 737–38 (Gartzke, J., dissenting). It provides:

> **70.111 Personal property exempted from taxation.** The property described in this section is exempted from general property taxes: ... **(14)** Milkhouse Equipment. Milkhouse equipment used by a farmer, including mechanical can coolers, bulk tanks and hot water heaters. *This exemption shall apply whether such equipment is deemed personal property or is so affixed to the realty as to be classified in the category of real estate.* (Emphasis added.)

The first sentence after the title of sec. 70.111, Stats., states it exempts property "described in this section ... from general property taxes." Subsection 14, however, states the exemption applies to all milkhouse equipment property regardless of attachment to realty. If sec. 70.111 did apply to all property listed whether real or personal, this last sentence would be superfluous. Such a construction is to be avoided. *State v. Wachsmuth,* 73 Wis. 2d 318, 324, 243 N.W.2d 410 (1976).

In addition, we find the title of the statute, "Personal property exempted from taxation," is contrary to the implication of the statute's initial sentence. Although the title of a statute is not part of the law, sec. 990.001(6), Stats.,[3] it may help in resolving statutory

---

[3]**990.001 Construction of laws; rules for.** In construing Wisconsin laws the following rules shall be observed unless construction in accordance with a rule would produce a result inconsistent with the manifest intent of the legislature. ... **(6)**

ambiguities. *Wisconsin Valley Imp. Co. v. Public Serv. Comm.,* 9 Wis. 2d 606, 618, 101 N.W.2d 798 (1960). "Titles should not be resorted to in order to create a doubt where none would otherwise exist." *Id.* This inconsistency supports the conclusion that the statute is ambiguous as to what type of property is exempted.

■

When the language of a statute is ambiguous or unclear, this court will examine the scope, subject matter, and object of the statute to discern the legislative intent. *DeMars v. LaPour,* 123 Wis. 2d 366, 370, 366 N.W.2d 891 (1985). The basis for the present sec. 70.111(9), Stats., can be found in section 6 of chapter 658, Laws of Wisconsin for 1911. That law amended then existing sec. 1038(11a)(a), to include an exemption for farm, orchard, and garden machinery implements and tools, actually used in the operation of any farm, orchard or garden.

This section was renumbered and consolidated in 1921 as sec. 70.11, Stats. Chapter 69, Laws of 1921. In 1949, the list of tax exemptions in sec. 70.11, was again revised, clarified, and rearranged. Chapter 63, Laws of 1949. Section 70.111, was established and titled for "personal" property and the farm machinery exemption was included in subsection nine. Titles may be used to resolve doubts as to ambiguous statutory meaning even though they are not part of the law. *Wisconsin Valley Improvement,* 9 Wis. 2d at 618. The title of sec. 70.111 is: "Personal property exempted from taxation."

The long standing construction by the legislature of sec. 70.111(9), Stats., is that the section only applied

Statute Titles And History Notes. The titles to subchapters, sections, subsections, paragraphs and subdivisions of the statutes and history notes are not part of the statutes.

to personal property. In 1965, the legislature enacted sec. 70.04(2) which designated irrigation equipment used by farmers as personal property. Chapter 278, Laws of 1965. The initial draft of 1965 Senate Bill 83, which eventually became Chapter 278, Laws of 1965, exempted the irrigation equipment regardless of "whether such equipment is deemed personal property or is so affixed to the realty as to be classified in the category of real estate." S. Bill 83 (1965). The Joint Survey Committee on Tax Exemptions issued a contemporaneous report which became the appendix of the bill. They noted that this attempt "to grant an exemption where the equipment has become a part of the real estate, would violate the uniformity provision of article VIII, sec. 1 of the Wisconsin Constitution." The bill was deemed "undesirable as public policy because of questionable legality." S. Bill 83, app., Report of the Joint Survey Committee on Tax Exemptions (1965).

A substitute amendment to Bill 83 was submitted which designated the irrigation equipment as "personal property." It was this substitute amendment which was enacted into law as Chapter 278, Laws of 1965. The Joint Survey Committee report on this substitute amendment, which also became the appendix to the amendment, stated:

> [A]ll that is done is affirm what is now provided in sec. 70.111(9) of the statutes as respects irrigation equipment that is not so attached to real estate as to be a part thereof. Such movable irrigation equipment is now personal property even in the absence of this proposed statute to state so specifically. Section 70.111(9) of the statutes now exempts from taxation all farm machinery implements and tools actually used in the operation of a farm.

S. Bill 83, substitute amend. 1, app., Report of Joint Survey Committee on Tax Exemptions (1965).

The committee further noted that the substitute amendment "only affirms an existing exemption statute, 70.111(9)." If the statute had exempted real property, the substitute amendment would not have been needed. The irrigation equipment was designated personal property so that it could qualify for the exemption provided by sec. 70.111(9), Stats.

Furthermore, the Department of Revenue (Department) has consistently interpreted sec. 70.111(9), Stats., as only exempting personal property. "When the expertise of the administrative agency is significant to the value judgment (to the determination of a legal question), the agency's decision, although not controlling, should be given weight." *Nottelson v. ILHR Dept.,* 94 Wis. 2d 106, 117, 287 N.W.2d 763 (1980). Great weight will be given to the construction and interpretation of a statute applied by an administrative agency if the interpretation reflects a position "long continued, substantially uniform and without challenge by government authorities and courts." *Employment Relations Dept. v. WERC,* 122 Wis. 2d 132, 138, 361 N.W.2d 660 (1985) (citation omitted). *See also Norton v. Town of Sevastopol,* 108 Wis. 2d 595, 600, 323 N.W.2d 148 (Ct. App. 1982).

The Department does not conduct local assessments. It is, however, responsible for the general supervision over the administration of assessments and the assessors. Sections 73.03(1) and 73.06(1), Stats. It confers with, advises, and directs assessors and boards of assessment as to their duties under the statutes. Section 73.03(2)(a). It also prepares, publishes, and distributes "detailed assessment manuals." Section

73.03(2)(a). The Department also is responsible for certifying the assessors. Section 73.09. It is very much involved in the assessment process even though it does not assess property.

The Department has for many years interpreted sec. 70.111(9), Stats., as only exempting personal property. In a 1960 Department Legal Opinion it stated: "It has been, and remains our opinion that only machinery that is personal property can be exempt under s. 70.111(9), Stats." Wisconsin Department of Revenue, 1 *Property Assessment Manual for Wisconsin Assessors* Part 2, sec. 21.7–15 (Rev. 12/86). In its manual, it discusses sec. 70.111(9), and states:

> Applying the earlier discussed three tests of the law of fixtures to the machinery and equipment found on a farm, field machinery, if used by any person in farming, would be exempt from taxation because it fails all three tests of the law of fixtures:
>
> 1. the machinery is not attached to the real estate and there is no damage to the machinery or the real estate if the machinery is removed from the farm;
>
> 2. the intention of the person in farming is not to have the machinery become part of the real estate;
>
> 3. the real estate is not specifically adapted to this specific farm machinery.
>
> There are several gray areas in determining whether farm machinery and equipment is considered a fixture. It must be stressed that each item of machinery must be evaluated individually to determine its exempt status. The ... key phrases that have to be asked of each item to determine whether it is real estate, and therefore taxable, are: attachment, typical intent, and adaptation.

*Id.* 21.7–14–15; *see also, Id.* at sec. 22–6.

In addition, in the section where it discusses the definitions of real and personal property, the Department illustrates the difference this way:

> The statutes have defined real property as 'the land itself and all buildings and improvements thereon together with all fixtures and rights and privileges appertaining thereto.' Personal property is in essence anything which is not real property. It is important that the assessor understand these definitions in order to properly classify the property to be assessed. There are a number of reasons why the assessor should properly classify property.
>
> **1. May Determine Assessability.** Proper classification of real and personal property, in some instances, determines whether the property is taxed at all. A good example of this is farm machinery, which when owned and used by any person in farming is exempt from property tax as personal property. In some cases the individual's farming machinery may be attached to the real estate in a more or less permanent manner so as to become regarded by law as part of the real estate and therefore taxable.

*Id.* at sec. 21.5-1.

At the trial in this case, Glen Holmes, the Director of the Bureau of Property Tax for the Department, testified that the Department interprets the statute as only exempting personal property. In his twenty-three years of working for the Department, he stated this interpretation had never changed. He did testify that the practice of assessment was not uniform throughout the state. We conclude the twenty-three-year position adopted by the Department, which is of long standing, and without challenge by government authorities and

courts, including acquiescence by the legislature, to be very persuasive.

■

We conclude that sec. 70.111(9), Stats., only exempts personal property. Where the facts are undisputed, a question of whether a structure is statutorily real or personal property is a question of law. *Dept. of Revenue v. Smith Harsvestore Products,* 72 Wis. 2d 60, 65–66, 240 N.W.2d 357 (1976). This court is competent to answer such a question. *Id.* 72 Wis. 2d at 66.

The term "real property" for purposes of sec. 70.111(9), Stats., includes "not only the land itself but all the buildings and improvements thereon, and all fixtures and rights and privileges appertaining thereto. ..." Section 70.03. "Personal property" is defined as "goods, wares, merchandise, chattels and effects ... and not included in the term 'real property,' as defined in s. 70.03." Section 70.04.

■

"Taxes shall be levied ... upon all general property in this state except property that is exempt from taxation." Section 70.01, Stats. Tax exemption statutes are matters of legislative grace, and they are to be strictly construed against the granting of the exemption. *Greiling,* 112 Wis. 2d at 605. "[A]n exemption statute [however] need not be given an unreasonable construction or the narrowest possible construction. A 'strict but reasonable' construction seems to be the pithy and popular statement of the rule." *Columbia Hospital v. Milwaukee,* 35 Wis. 2d at 668. "One who claims an exemption has the burden of showing the property is clearly within the terms of the exception. Doubts are resolved against the exemption and in favor of taxability." *Greiling,* 112 Wis. 2d at 605.

The Town asserts the outside structure is a building and we agree. A building is "a structure which has a capacity to contain, and is designed for the habitation of man or animals, or the sheltering of property." *Billingsley v. Zickert*, 72 Wis. 2d 156, 163, 240 N.W.2d 375 (1976). The layer house is constructed of steel beams, metal siding and a roof. It stands on a permanent concrete foundation. Its primary, and arguably only, function is to provide for the habitation of chickens.

The Town also contends the items of equipment inside the facility are fixtures and therefore not exempt.

> This court has long followed a three-part test to determine whether or not particular articles of property are fixtures: '... Whether articles of personal property are fixtures, *i.e.*, real estate, is determined in this state, if not generally, by the following rules or tests: (1) Actual physical annexation to the real estate; (2) application or adaptation to the use or purpose to which the realty is devoted; and (3) an intention on the part of the person making the annexation to make a permanent accession to the freehold.'

*Smith Harvestore*, 72 Wis. 2d at 67–68 (footnote omitted).

## I. ANNEXATION.

The system in the facility is attached to the walls and foundation of the structure. The various components, the cage system, the feeder, the feed chain, the trough, the automatic watering system, the electrical system, and the egg gathering components, are all interconnected. The electrical system, the fans, the baffles are attached to or built into the building. Pulsfus conceded that the building and equipment are

a totally integrated unit. The circuit court also held the equipment was integrated. The equipment is annexed to the property.

## II.   *ADAPTATION.*

The circuit court concluded the building and the equipment inside it were adapted to the purpose to which the realty is devoted—production of eggs. In addition, there was testimony by the builder of the facility that it was not easily adaptable to other purposes. It is clearly adapted to the use of which the realty is devoted.

## III.   *INTENTION.*

The "key" intention is not the subjective intention of the owner. Rather it is "an objective and presumed intention of that hypothetical ordinary reasonable person, to be ascertained in the light of the nature of the article, the degree of annexation, and the appropriateness of the article to the use to which the realty is put … when the article in question is clearly adapted to and is in fact put by the owner of the realty to the use to which he has devoted the realty, this is conclusive evidence of an intent to make a permanent accession to the realty." *Id.* 72 Wis. 2d at 69 (footnote omitted).

The "average farmer" when purchasing a layer house as the one here would intend to make it "permanent accession to his farm realty." *Id.* Here, the structure and integrated equipment are clearly adapted to the production of eggs and is used by Pulsfus in that manner. Although there was testimony that the cage system could be dismantled by a crew within a few days, Pulsfus testified that it would take between three to four weeks to disassemble and replace the cage system. The total weight of the facility is also substantial. This is not a mobile operation, but one which the average farmer would consider permanent. Further, like

the farmer in *Smith Harvestore,* Pulsfus intends to own the system after payment of it. He has shown no intention of moving it. There is sufficient information that the objective and presumed intent of an ordinary person would be that the structure and integrated equipment were permanent parts of the realty.

Consequently, we conclude the layer house structure and integrated equipment is real property. It is therefore not exempt from local property tax under sec. 70.111(9), Stats., because only personal property is exempted by that statute.

Pulsfus argues, and the circuit court and the court of appeals held, that the layer house only had to constitute a "machine" as determined by the "use or function" test to be exempt under sec. 70.111(9), Stats. This test was developed in *Ladish* and adopted by this court in *Greiling.* We agree that it is necessary for the layer house to be classified as a machine using this test to be exempt by sec. 70.111(9). But, as explained above, it is not the only requirement; the property must also be personal property.

We find that *Ladish* and *Greiling,* along with the statutes in those cases, to be distinguishable from the facts and statute here.

In *Ladish,* the question presented was whether a malt house was exempt from taxation by the "Manufacturing Machinery and Specific Processing Equipment" exemption, sec. 70.11(27), Stats. The issue there was whether the malt house constituted a building, which was not exempt under the statute, or whether it was "manufacturing machinery," which was exempt. The court of appeals adopted the "use or function" test, *Id.* 98 Wis. 2d at 506, and found it to be a machine. Thus, the malt house was held exempt by the statute. *Id.* 98

Wis. 2d at 499. The statute in *Ladish,* sec. 70.11(27), Stats., specifically included the language: "regardless of attachment to real property." *Id.* 98 Wis. 2d at 498. In *Ladish,* it was not significant whether the property seeking exemption status was realty or not. It was not an issue in the case and therefore it was not addressed. Here, however, it is significant whether the property is attached to the real property. That question must also be answered, in addition to the question of whether the layer house is a machine, for the layer house to be exempt.

In *Greiling,* 112 Wis. 2d at 607, this court adopted the "use or function" test as enunciated in *Ladish* to determine whether components used to construct a greenhouse were exempt from the state's use tax.[4] *Id.* 112 Wis. 2d at 603. The taxpayer in *Greiling* claimed that "a modern, commercial greenhouse is a machine exempt from the use tax." *Id.* 112 Wis. 2d at 605. Machines used in "floriculture" were exempt from the use tax. *Id.* 112 Wis. 2d at 604–05; *see also* sec. 77.54(3), Stats. 1983. Using the "use or function" test, this court held that the greenhouse was a machine and that the components were exempt from the use tax. *Id.* 112 Wis. 2d at 607–08.

The statute in *Greiling,* like the statute here, exempted only personal property. *Id.* 112 Wis. 2d at 604–05; *see also,* sec. 77.53(1), Stats. 1983. In *Greiling,* however, the real property versus personal property distinction of the greenhouse components was not an issue. Here, however, there is a question of whether the

---

[4]"Wisconsin imposes a tax on the 'storage use or other consumption in this state of tangible personal property ... purchased from any retailer.'" *Id.* 112 Wis. 2d at 604–05 (citation omitted).

layer house is real property or personal property which must be answered before it can be exempt.

In conclusion, for Pulsfus to be granted a property tax exemption for its layer house under sec. 70.111(9), Stats., the facility must be both personal property and a machine used in agriculture. The layer house is a building attached to real estate and is real property. The items of integrated equipment are fixtures, and therefore real property and not personal property. Thus, they are not exempt from taxation by the statute and the court of appeals' decision is reversed.

*By the Court.*—The decision of the court of appeals is reversed.