STATE, Respondent, v. JOHN, Appellant.

*No. State 139. Submitted under sec. (Rule) 251.54 October 3, 1973.—Decided October 30, 1973.*
(Also reported in 211 N. W. 2d 463.)

For the appellant the cause was submitted on the briefs of *Joan F. Kessler* of Milwaukee.

For the respondent the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *James H. Petersen,* assistant attorney general.

HALLOWS, C. J.   The briefs discuss only the merits of the issues raised by the petition, but we do not reach such questions because the merits of the petition were not passed upon or considered by the trial court.  The only proper issue on this appeal is whether or not the trial court was correct in dismissing the petition because the petitioner had escaped and was a fugitive from justice at the time he was to appear in court and give testimony on his petition.  This issue is considered sua sponte as the basis for disposition because of its importance as a question of first impression in this state.  We think the trial court properly dismissed the petition and, while the record does not show it was dismissed on its merits, we believe that is the proper effect of the dismissal.

In many cases, the question of the effect of an escape on pending litigation arises during appeal to an appellate court.  In cases of the dismissal of the appeal, the result is generally put on the ground of mootness or waiver. An escape does not render moot a direct review of a conviction in the strict sense, whether by appeal or writ of error; but the matter may become moot because if the conviction is affirmed the accused is not likely to return to confinement voluntarily to submit to the sentence and

if there is a reversal and a new trial granted, whether the convict will return for the new trial is questionable—the answer depending on what he considers is his best interest. Consequently, the granting of a new trial in such cases may be a useless act.

The hearing and the deciding of an appeal do not require the presence of the convict in court, but nevertheless some courts have required the defendant to be in custody and under the power of the court. In *Smith v. United States* (1876), 94 U. S. 97, 1 W. T. 262, 24 L. Ed. 32, the supreme court ordered that unless the escapee submitted himself to the highest state court's jurisdiction on or before the first day of its next term, the cause would be left off the supreme court docket. *See also: Bonahan v. Nebraska* (1887), 125 U. S. 692, 8 Sup. Ct. 1390, 31 L. Ed. 854, where the case was stricken from the appellate docket on the last day of the term. Similarly, in *Eisler v. United States* (1949), 338 U. S. 189, 69 Sup. Ct. 1453, 93 L. Ed. 1897, where an accused fled the United States after being held in contempt of Congress and after certiorari had been granted by the supreme court, the case was left off the docket and dismissed some five months later. These cases are illustrative of the older practice to defer the order of dismissal until the escapee has had a reasonable time to change his mind and submit to the court's jurisdiction. *See* 18 Geo. Wash. L. Rev. (1950), 427 and 4 Am. Jur. 2d, *Appeal and Error,* pp. 768, 769, sec. 275. This procedure avoids the possibility of mootness.

However, in its expression in 1970, the supreme court stated in *Molinaro v. New Jersey,* 396 U. S. 365, 366, 90 Sup. Ct. 498, 24 L. Ed. 2d 586, "No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an

adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims." In that case, the dismissal took place immediately and was not delayed until the end of the term. The case does not state the grounds for the disentitlement of the right to access to the courts. It is not imperative for an appellate court to dismiss an appeal when a convict escapes, but it is considered to be the better practice for a reviewing court ordinarily not to proceed with the appeal, 24A C. J. S., *Criminal Law,* p. 485, sec. 1825 (4).

The difficulty with the ground of waiver is the element of knowledge of the collateral effect of an escape. True, an escapee knows he has become a fugitive from justice —this is a natural consequence of his act; but is it foreseeable as a natural result that all pending litigation will be dismissed? In *State ex rel. Ruetz v. LaGrange Circuit Court* (Ind. Sup. Ct. 1972), 281 N. E. 2d 106, the convict was a fugitive from justice at the time the court considered his motion to correct errors and the court said in denying relief, "By so voluntarily absenting himself from the court's jurisdiction, the relator has effectively and knowingly waived his right to a timely appeal to this Court." There was a dissent, however, on the ground the matter should not have been placed on waiver because it did not appear the convict made a deliberate choice of waiver and knew what consequences his escape would have on his pending motion. However, the waiver theory has been used by other courts. *See People v. Redinger* (1880), 55 Cal. 290, 36 Am. Rep. 32; *Commonwealth v. Andrews* (1867), 97 Mass. 543, and cases cited in 24A C. J. S., *Criminal Law,* pp. 483, 486, sec. 1825 (4). In *Irvin v. State* (1957), 236 Ind. 384, 139 N. E. 2d 898, certiorari denied (1957), 353 U. S. 948, 77 Sup. Ct. 827, 1 L. Ed. 2d 857, the court put the denial in the following language: "If a prisoner escapes he is not entitled during the period he is a fugitive to any

standing in court or to file any plea or ask any considera-
tion from such court." The court also stated, "Courts
should not so coddle those who are defiant of its authority
and the law, and who yet ask for its relief, that it is
blinded to such inconsistencies. 'If the law supposes
that', Dickens has Mr. Bumble say, 'the law is a ass,
a idiot.' "

Besides the theory of mootness and waiver, the ground
of abandonment has been used. In *Allen v. Georgia*
(1897), 166 U. S. 138, 17 Sup. Ct. 525, 41 L. Ed. 949, the
convict escaped before oral arguments on appeal and was
a fugitive from justice when the case was called. The
court ordered the writ dismissed unless the accused sur-
rendered in sixty days. This he did not do, but later the
accused was captured and in a subsequent writ of error
argued he was denied due process of law by the dismissal
of his appeal. The state supreme court denied this con-
tention and on appeal, the United States Supreme Court
in affirming said there was no denial of due process
because the convict's escape could be regarded as an
abandonment of the case as well as rendering the case
moot. *See Criminal Law—Moot Case*, 9 A. L. R. 3d
462, p. 498, sec. 13.

In the instant case we have a narrower ground and
perhaps a stronger one. Here, the convict was unavaila-
ble to give testimony on his own behalf on a petition in
which he sought relief from the court. We understand
John is now incarcerated in a prison in Illinois for an
offense committed while a fugitive from justice; but
this situation, if important, did not exist on the day
of his hearing. In failing to respond to the subpoena and
give testimony when he could have, John prevented the
trial court from deciding the merits of his case and thus
obstructed the administration of justice. A defendant
or plaintiff who fails to produce evidence, when he is
ordered to do so, is in default and the case may go
against him on this ground. In *Hauer v. Christon* (1969),

43 Wis. 2d 147, 168 N. W. 2d 81, the court recognized the inherent power of a court to dismiss a defendant's answer or a plaintiff's complaint when the party was not prepared for trial or when there was a failure to produce evidence ordered to be produced, on the ground that the necessity of the court to maintain the orderly processing of cases and the dispatch of justice required it. We think the analogy is applicable here. When a convict escapes and puts himself in a position where he cannot aid the court which needs his testimony in the determination of his petition, he has frustrated the administration of justice, made it impossible for the court to consider his petition, and has abandoned his application for relief on the merits.

*By the Court.*—Order affirmed.