STATE of Wisconsin, Plaintiff-Respondent,

v.

Kathleen BRAUN, Defendant-Appellant.†

Court of Appeals

*No. 91–0923. Submitted on briefs August 11, 1992.—Decided July 7, 1993.*

(Also reported in 504 N.W.2d 118.)

†Petition to review granted.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Shellow, Shellow &*

*Glynn, S.C.*, with *Stephen M. Glynn* and *Robert R. Henak*, of counsel, of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *Daniel J. O'Brien*, assistant attorney general.

Before Sullivan, LaRocque and Schudson, JJ.

SCHUDSON, J. In this appeal, we consider the appellate rights of a defendant who escaped from prison while her postconviction motion was pending in the trial court, and who again sought postconviction relief after her recapture. More specifically, we consider whether Braun, following her recapture, is precluded from seeking postconviction relief under sec. 974.06, Stats., raising issues she had previously raised in her pre-escape motion for a new trial, which was dismissed "on the merits" because of her escape — a dismissal from which she never filed a direct appeal. Because the claims of error alleged in the pre-escape motion for a new trial were "finally adjudicated" by the dismissal of Braun's pre-escape motion, we conclude that she cannot resurrect those claims with a post-escape motion under sec. 974.06. We affirm.

On December 19, 1976, a jury found Kathleen Braun guilty of first-degree murder, party to a crime. Braun was sentenced to life imprisonment to be served at the Taycheedah Correctional Institution. Braun filed a motion for a new trial with the trial court asserting: denial of a public trial; prosecutorial misconduct; denial of her right of confrontation based upon a witness' exercise of Fifth Amendment rights; limitations on the cross-examination of the State's chief witness;

251

and alleged misconduct in the prosecutor's closing argument to the jury.

In December of 1977, while her motion was pending, Braun escaped from prison. The State moved to have Braun's motion dismissed on the grounds of abandonment or waiver because of Braun's escape. The judgment roll entry from the May 1, 1978, motion hearing indicates that the State's motion was granted "on the merits," but that the court would set aside the decision and allow Braun to petition the court to reopen her motion if she appeared within 60 days. Braun never appeared before the court within the sixty-day period, and never filed a direct appeal from the trial court's dismissal of her motion.

Braun was recaptured in 1984. In November of 1988, she filed a sec. 974.06 motion raising many of the same issues she had raised in her pre-escape motion for a new trial. In 1991, the trial court considered the merits of those issues and denied Braun's motion. She now appeals.

Because the transcript from the 1978 motion hearing was no longer available, on January 27, 1992, we ordered the trial court to hold an evidentiary hearing to determine the reasons underlying the trial court's decision to deny Braun's first postconviction motion. The parties entered into the following stipulation:

> The state . . . had filed a written motion to dismiss Ms. Braun's post-conviction motions based upon her escape from Taycheedah Correctional Institution in December, 1977. Judge Raskin heard the motion on May 1, 1978. The sole basis presented by the state for dismissal of Ms. Braun's motions was her escape. At no point during the proceeding did the state argue the underlying merits of Ms. Braun's motions.

252

Judge Raskin orally granted the state's motion to dismiss based upon Ms. Braun's escape. At no time during the proceeding or when setting forth his order did Judge Raskin ever discuss or purport to decide the underlying merits of Ms. Braun's motions, relying instead solely upon her escape as the basis for dismissal.

While dismissing Ms. Braun's motions, Judge Raskin orally ordered that, if Ms. Braun returned within 60 days, he would set aside the dismissal, reopen her motions, hear arguments on the merits of those motions, and proceed to decide those motions on their merits.

Section 974.06(6), Stats., states that "[p]roceedings under this section shall be considered *civil* in nature, and *the burden of proof shall be upon the [prisoner]*." (Emphasis added.)

Section 974.06(4), Stats., states:

All grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion. *Any ground finally adjudicated* or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or *in any other proceeding the person has taken to secure relief may not be the basis for a subsequent motion,* unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion.

(Emphasis added.) Restated, where a defendant has attempted to obtain relief in an earlier proceeding and where the grounds for relief have either been finally adjudicated or waived, the defendant will not be enti-

253

tled to seek relief unless the defendant proves that there is a basis for relief that was either inadequately raised previously or was not raised for some other sufficient reason.

The State argues that Braun's appeal is barred by section 974.06(4)'s ban on resurrecting claims that were "finally adjudicated" by the previous dismissal.[1] Braun counters that the grounds of her pre-escape motion were never "finally adjudicated" because the underlying issues were not considered by the trial court. She concludes, therefore, that dismissal of her motion "on the merits" due to her escape "was on procedural grounds unconnected to the ultimate issues in the case."

"[F]inally adjudicated" is not defined in sec. 974.06, Stats., the Criminal Code, or the appellate rules. As defined by our courts, however, an adjudication "is the giving of a judgment," and "[a] judgment is a final determination of the rights of the parties." *Great Lakes Trucking Co. v. Black*, 165 Wis. 2d 162, 168, 477 N.W.2d 65, 67 (Ct. App. 1991); *see* sec. 806.01, Stats. ("A judgment is the determination of the action."). The issue for this court, therefore, is whether Braun's pre-

---

[1] Braun argues the State "waived its procedural, res judicata and waiver arguments by failing to raise them in the trial court." The State acknowledges that the "issue was not presented to the trial court at the postconviction hearing." The State argues, however, that under *State v. Holt*, 128 Wis. 2d 110, 124–125, 382 N.W.2d 679, 686–687 (Ct. App. 1985), we may reach this threshold issue. We agree. The parties' stipulation regarding what happened at the May 1, 1978, motion hearing, in combination with the case chronology confirmed by the court records, provide the undisputed factual basis upon which we are able to resolve a purely legal issue.

escape motion was "finally adjudicated" by a dismissal that resulted from her escape.

In *State v. John*, 60 Wis. 2d 730, 211 N.W.2d 463 (1973), the Wisconsin Supreme Court considered whether a trial court properly dismissed a defendant's post-conviction motion due to his escape where "the merits of the petition were not passed upon or considered by the trial court." *John*, 60 Wis. 2d at 732, 211 N.W.2d at 464. In *John*, the defendant escaped while his post-conviction motion was pending. *Id.* at 731–732, 211 N.W.2d at 463–464. On the scheduled hearing date, when the trial court was informed that John could not be produced to testify on his motion, the court dismissed the motion. *Id.* John appealed the trial court's dismissal of his motion. *Id.* at 732, 211 N.W.2d at 464.

Concluding that dismissal was proper, the supreme court noted, "We think the trial court properly dismissed the [defendant's post-conviction motion] and, *while the record does not show it was dismissed on its merits, we believe that is the proper effect of the dismissal*." *Id.* (emphasis added). Thus, while the trial court's dismissal because of the defendant's escape was not explicitly based on the merits of the defendant's motion, the supreme court held that the dismissal operated as a dismissal "on the merits" due to the defendant's escape. Similarly, the grounds upon which Braun now seeks relief were raised in her pre-escape motion, and the dismissal due to her escape "finally adjudicated" her motion "on the merits."

Braun attempts to distinguish *John*, pointing out that she, unlike *John*, was not required to provide testimony for the litigation of her post-conviction motion. We do not, however, find this distinction determina-

tive. Although *John's* failure to appear and testify at the post-conviction motion hearing resulted in the supreme court's decision on the "narrower ground" that *John* "abandoned his application for relief on the merits," *id.* at 736, 211 N.W.2d at 465–466, the court also, with implicit favor, looked to the grounds underlying the "fugitive dismissal rule,"[2] including waiver, moot-

[2] The fugitive dismissal rule reflects the long-established legal principle that a court may dismiss a defendant's appeal if the defendant is no longer within the court's custody and control. *See Smith v. United States*, 94 U.S. 97 (1876); *Molinaro v. New Jersey*, 396 U.S. 365 (1970). The United States Supreme Court expanded this principle to hold that dismissal of an appeal even after the defendant had been recaptured was proper. *See Estelle v. Dorrough*, 420 U.S. 534 (1975). For a discussion of the various reasons for this rule and the legal theories upon which it is premised, see *Ortega-Rodriguez v. United States*, 122 L.Ed.2d 581, 591–593 (1993), and *State v. Bono*, 103 Wis. 2d 654, 655–656, 309 N.W.2d 400 (Ct. App. 1981).

Recently, the United States Supreme Court revisited the fugitive dismissal rule in *Ortega-Rodriguez*, 122 L.Ed.2d 581. In *Ortega-Rodriguez*, the defendant escaped after conviction but prior to sentencing. *Id.* at 589. The Supreme Court reversed the Eleventh Circuit's dismissal of the defendant's appeal, which had been premised on the fugitive escape rule. The Supreme Court held that before an appellate court can dismiss a defendant's appeal, there must be "some connection between a defendant's fugitive status and his appeal." *Id.* at 597.

We note that *Ortega-Rodriguez* did leave open the possibility that an appellate court could, under appropriate circumstances, dismiss an appeal because of fugitive status predating a defendant's appeal where, for instance, a long escape might prejudice the prosecution in locating witnesses and presenting evidence at a retrial following a successful appeal, or where a defendant's misconduct at the trial court level might make " 'meaningful appeal impossible,' or otherwise disrupt the

256

ness and abandonment, in reaching its decision. *Id.* at 732–735, 211 N.W.2d at 464–465. Applicable to the fugitive dismissal rule, and equally applicable to this dismissal that "finally adjudicated" Braun's motion "on the merits," the supreme court in *John* commented:

> "Courts should not so coddle those who are defiant of its authority and the law, and who yet ask for its relief, that it is blinded to such inconsistencies. 'If the law supposes that', Dickens has Mr. Bumble say, 'the law is a ass, a idiot.' "

*Id.* at 735, 211 N.W.2d at 465 (citation omitted). Nothing about the ultimate theory upon which the supreme court affirmed the dismissal of John's motion detracts from the supreme court's recognition of a trial court's "inherent power . . . to dismiss" when a party "obstruct[s] the administration of justice," and its conclusion that the dismissal operated as a dismissal "on the merits" due to the defendant's escape. *See Id.* at 735–736, 211 N.W.2d at 465–466.

Trial courts "have the power, both inherent and statutory, to prevent unwarranted delay and the proliferation of stale [matters before the court]." *Hlavinka v. Blunt, Ellis & Loewi, Inc.*, 174 Wis. 2d 381,

---

appellate process so that an appellate sanction is reasonably imposed." *See id.*, 122 L.Ed.2d at 597–598 (citations omitted). The Supreme Court also noted that where a defendant's case is pending before the trial court and the defendant escapes, "flight can be deterred with the threat of a wide range of penalties available to [the trial] judge." *Id.* at 596.

The *Ortega-Rodriguez* holding and the fugitive dismissal rule are not dispositive in this case. We are not *dismissing* Braun's appeal, but rather, we are *affirming* the dismissal of Braun's postconviction motion.

395, 497 N.W.2d 756, 761 (Ct. App. 1993). Under sec. 805.03, Stats., a trial court has authority to dismiss a claim for failure to prosecute or for failure to obey an order of the court. "Any dismissal" for such failure "operates as an adjudication on the merits unless the court . . . otherwise specifies . . . ." Section 805.03, Stats. Here, because of her escape, Braun failed to prosecute her motion for a new trial, which resulted in a dismissal "on the merits," and thus, she is precluded from renewing her claims in a post-escape, sec. 974.06(4) motion.

Braun invoked the judicial system of this state by bringing her motion for a new trial. Simultaneously, she contemptuously flouted that same system by escaping. Approximately eleven years after her conviction and four years after her recapture, Braun sought relief from that same system, on the same grounds. We hold that she is precluded from doing so. Under secs. 974.06(4) and 805.03, Stats., and *State v. John*, Braun's motion was "finally adjudicated" and the dismissal was "on the merits" due to her escape.

*By the Court.*—Orders affirmed.