STATE of Wisconsin, Plaintiff-Respondent,

v.

Kathleen BRAUN, Defendant-Appellant-Petitioner.†

Supreme Court

*No. 91–0923. Oral argument April 26, 1994.—Decided June 22, 1994.*

(Also reported in 516 N.W.2d 740.)

†Motion for reconsideration denied September 21, 1994.

For the defendant-appellant-petitioner there were briefs by *Stephen M. Glynn, Robert R. Henak* and *Shellow, Shellow & Glynn, S.C.,* Milwaukee and oral argument by *Stephen M. Glynn.*

For the plaintiff-respondent the cause was argued by *Daniel J. O'Brien,* assistant attorney general, with whom on the brief was *James E. Doyle,* attorney general.

JANINE P. GESKE, J.    This is a review of a published opinion of the court of appeals, *State v. Braun,* 178 Wis. 2d 249, 504 N.W.2d 118 (Ct. App. 1993), which affirmed orders of the circuit court for Milwaukee County, Ted E. Wedemeyer, Jr., Circuit Judge, denying a sec. 974.06, Stats.,[1] motion for postconviction relief.

---

[1] Section 974.06, Stats., provides as follows:

**974.06 Postconviction procedure. (1)** After the time for appeal or postconviction remedy provided in s. 974.02 has expired, a prisoner in custody under sentence of a court or a person convicted and placed with a volunteers in probation program under s. 973.11 claiming the right to be released upon the ground that the sentence was imposed in violation of the U.S. constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

**(2)** A motion for such relief is a part of the original criminal action, is not a separate proceeding and may be made at any time. The supreme court may prescribe the form of the motion.

**(3)** Unless the motion and the files and records of the action conclusively show that the person is entitled to no relief, the court shall:

(a)   Cause a copy of the notice to be served upon the district attorney who shall file a written response within the time prescribed by the court.

(b)   If it appears that counsel is necessary and if the defendant claims or appears to be indigent, refer the person to the state

Following her 1976 conviction and sentencing for first-degree murder, party to a crime, the defendant, Kathleen Braun (Braun), filed a motion for postconvic-

public defender for an indigency determination and appointment of counsel under ch. 977.

(c) Grant a prompt hearing.

(d) Determine the issues and make findings of fact and conclusions of law. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the person as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the person or resentence him or her or grant a new trial or correct the sentence as may appear appropriate.

(4) All grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the person has taken to secure relief may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion.

(5) A court may entertain and determine such motion without requiring the production of the prisoner at the hearing. The motion may be heard under s. 807.13.

(6) Proceedings under this section shall be considered civil in nature, and the burden of proof shall be upon the person.

(7) An appeal may be taken from the order entered on the motion as from a final judgment.

(8) A petition for a writ of habeas corpus or an action seeking that remedy in behalf of a person who is authorized to apply for relief by motion under this section shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced the person, or that the court has denied the person relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his or her detention.

tion relief under sec. 974.02, Stats.,[2] asserting denial of a public trial; prosecutorial misconduct; denial of her right of confrontation; limitations on the cross-examination of the state's chief witness; and alleged misconduct in the prosecutor's closing argument to the jury. During the time the motion was pending before Circuit Judge Max Raskin, Braun escaped from the Taycheedah Correctional Institution. Judge Raskin subsequently dismissed the postconviction motion, based upon Braun's escape.

In 1988, four years after she was returned to custody, Braun filed a motion to vacate the 1976 judgment of conviction, pursuant to sec. 974.06, Stats. The basis for the sec. 974.06 postconviction motion was the claim that the state had failed to disclose exculpatory evidence regarding the state's primary witness. Judge Wedemeyer denied Braun's motion, concluding that Braun had received a fair trial.

In 1993, the court of appeals affirmed the 1991 decision rendered by Judge Wedemeyer. Further, the court concluded that Judge Raskin's dismissal of Braun's initial sec. 974.02 postconviction motion, because of her escape, had the effect of finally adjudicating the issues raised in that motion. Consequently,

---

[2] Section 974.02, Stats., reads in relevant part as follows:

**974.02 Appeals and postconviction relief in criminal cases.**
(1) A motion for postconviction relief other than under s. 974.06 by the defendant in a criminal case shall be made in the time and manner provided in ss. 809.30 and 809.40. An appeal by the defendant in a criminal case from a judgment of conviction or from an order denying a postconviction motion or from both shall be taken in the time and manner provided in ss. 808.04(3), 809.30 and 809.40. . . .
(2) An appellant is not required to file a postconviction motion in the trial court prior to an appeal if the grounds are sufficiency of the evidence or issues previously raised.

Braun was precluded under sec. 974.06(4), Stats., from raising the same issues which could have been raised on direct appeal.

The following issues have been presented for review:

(1) Whether dismissal of Braun's postconviction motion due to her escape from custody acted as a "final adjudication" of the substantive issues raised in that motion and precluded her from raising those issues a second time in a subsequent postconviction motion upon her return to custody.

(2) Whether the circuit court's exclusion of a spectator, based upon the court's *per se* rule to exclude members of the venire panel not chosen for the jury, denied Braun the right to a public trial.

(3) Whether Braun was denied her right to due process and a fair trial resulting from prosecutorial misconduct consisting of (a) concealment of false statements concerning the nature of the state's plea agreement with a primary witness; (b) bad-faith cross-examination of Braun; and (c) the presentation of an improper rebuttal argument which encouraged speculation about facts not in evidence.

(4) Whether the circuit court violated Braun's right to confrontation by denying her the opportunity to effectively cross-examine a witness who connected her to the crime for which she was convicted.

(5) Whether the circuit court violated Braun's right to confrontation by denying her the opportunity to effectively cross-examine a corroborating witness for the state.

We now hold the following: (1) Braun's escape during the pendency of the initial postconviction motion constituted a forfeiture of the review of her claims; (2) the circuit court's dismissal of her sec. 974.02 motion

due to this forfeiture served as a final adjudication of those claims; and (3) the court of appeals was correct when it concluded that Braun could not relitigate her postconviction claims under sec. 974.06, Stats. Our holding makes it unnecessary to review the remaining issues.

In December, 1973, Earl Jeffrey Seymour was arrested for the murder of a Milwaukee drug trafficker, William Weber. Weber had been shot three times, his arms severed at the wrists, and his body disposed of in Cook County, Illinois. Seymour entered into a plea agreement with the Milwaukee County District Attorney, pleading guilty to second-degree murder and agreeing to testify against Braun, whom he connected to the murder of Weber.

According to Seymour, Weber had threatened to cut off a drug supply to Seymour, Braun, and her husband, Tim Braun. As a result, they met to discuss various ways of killing Weber. Seymour then recounted the following sequence of events. Tim Braun obtained a pistol on November 12, 1973, and on the same day went to see his probation officer in order to establish an alibi. While Tim was gone, Weber arrived at the apartment where Kathleen Braun and Seymour had remained, to collect his money for drugs. Weber was led into a bedroom where Kathleen Braun was waiting. Seymour shot Weber once in the back and once in the heart. Kathleen Braun then took the gun and shot Weber in the head. Weber's body was placed in Kathleen Braun's car and taken to Seymour's father's home in Racine. Thereafter, the body was dismembered and transported to Illinois.

During Braun's trial, she testified that she was not involved in the shooting or dismemberment of Weber and, in fact, was not home at the time of the murder. At

the conclusion of the trial, however, the jury found Braun guilty of first-degree murder, party to a crime. She subsequently was sentenced to life imprisonment at the Taycheedah Correctional Institution. Braun filed a motion for a new trial under sec. 974.02, Stats., alleging (a) denial of a public trial, (b) prosecutorial misconduct, (c) improper limitations on cross-examination, and (d) denial of the right of confrontation.

While Braun's postconviction motion was pending in 1977, she escaped from prison. The state sought to have Braun's motion dismissed because of her escape. The circuit court granted the state's motion on the merits, but noted that it would set aside its decision and allow Braun to petition the court to reopen her motion if she appeared within 60 days. During that 60-day period, Braun neither voluntarily returned to custody nor did she file a direct appeal from the circuit court's dismissal of her postconviction motion.

In 1984, Braun was involuntarily returned to custody. Four years later, she filed a sec. 974.06 motion requesting that her judgment of conviction be vacated. In 1991, the circuit court denied Braun's sec. 974.06 motion, concluding that she had received a fair trial.

The court of appeals concluded that the circuit court had the authority to dismiss a claim for failure to prosecute or failure to obey a court order. Braun's escape from prison resulted in her failure to prosecute claims of error alleged in the pre-escape motion for a new trial. Consequently, " '[a]ny dismissal' for such failure 'operates as an adjudication on the merits unless the court . . . otherwise specifies . . ..' " *Braun,* 178 Wis. 2d at 258 (quoting sec. 805.03, Stats.). Dismissal of the pre-escape sec. 974.02 motion precluded Braun from renewing the same claims under sec. 974.06.

This case involves the construction of sec. 974.06, Stats. A question of statutory construction is a question of law which this court decides independently and without deference to the reasoning of the lower courts. *Pulsfus Farms v. Town of Leeds,* 149 Wis. 2d 797, 803–04, 440 N.W.2d 329 (1989) (citing *Sacotte v. Ideal-Werk Krug & Priester,* 121 Wis. 2d 401, 405, 359 N.W.2d 393 (1984), and *Ball v. District No. 4, Area Board,* 117 Wis. 2d 529, 537, 345 N.W.2d 389 (1984)). *See also City of Muskego v. Godec,* 167 Wis. 2d 536, 545, 482 N.W.2d 79 (1992) (with the construction of a statute, an appellate court is not bound by a trial court's conclusions of law and decides the matter *de novo).*

In the case before us, Braun concedes that her escape from prison has the effect of denying her the right to direct appeal. However, she argues that (a) her right to collateral relief on constitutional claims under sec. 974.06 is not lost, and (b) Judge Raskin's dismissal of her postconviction motion under sec. 974.02 did not finally adjudicate the issues, since they were not considered on the merits. We disagree and conclude that Braun's fugitive status during the pendency of her initial postconviction motion constituted a forfeiture[3] of relief sought pursuant to sec. 974.02. Additionally,

---

[3] In *State v. John,* 60 Wis. 2d 730, 736, 211 N.W.2d 463 (1973), this court stated:

> When a convict escapes and puts himself in a position where he cannot aid the court which needs his testimony in the determination of his petition, he has frustrated the administration of justice, made it impossible for the court to consider his petition, and has abandoned his application for relief on the merits.

Whether or not Braun's presence to provide testimony was required during the pendency of her postconviction motion under sec. 974.02, we conclude that the *John* court was correct

Judge Raskin's dismissal of Braun's postconviction motion after her escape and failure to return to custody within 60 days served as a final adjudication on the motion. Judge Raskin's ruling had the effect of a dismissal with prejudice. Finally, Braun is not entitled to pursue any further postconviction relief by virtue of subsection (4) of sec. 974.06 because she has not established a sufficient reason as to why issues now raised were not previously raised in original, supplemental or amended motions.

## FUGITIVE STATUS

The effect of a defendant's fugitive status on his or her appellate proceedings is not a new question to state and federal courts. In 1876, the United States Supreme Court ordered that unless the petitioner-escapee submitted himself to the highest state court's jurisdiction on or before the first day of the next term, the case would be deleted from the Supreme Court's docket. *Smith v. United States,* 94 U.S. 97 (1876). *See also Bonahan v. Nebraska,* 125 U.S. 692 (1887) (fugitive's case would be deleted from the appellate docket on the last day of the U. S. Supreme Court's term unless the fugitive came within the jurisdiction of the state appellate court before that date). In 1949, the Supreme Court took off its docket, and later dismissed, the case of an accused who fled the United States after being

---

in its conclusion that a convict's fugitive status serves as an abandonment of one's application for relief on the merits.

Additionally, as in *John,* we note the choice of the term "abandonment" as opposed to "waiver" since it may be argued that even though Braun voluntarily removed herself from the court's jurisdiction for a period of seven years, she did not deliberately waive her appeal.

held in contempt of Congress. *Eisler v. United States,* 338 U.S. 189 (1949).

More recently, as courts have considered dismissal of postconviction motions as an appropriate sanction for fugitive status, a distinction has been made between flight and recapture during pre-appeal versus post-appeal proceedings. In *Ortega-Rodriguez v. U.S.,* 113 S. Ct. 1199, 1209 (1993), the United States Supreme Court held that

> when a defendant's flight and recapture occur before appeal, the defendant's former fugitive status may well lack the kind of connection to the appellate process that would justify an appellate sanction of dismissal. In such cases, fugitivity while a case is pending before a district court, like other contempts of court, is best sanctioned by the district court itself.[4]

*See also United States v. Reese,* 993 F.2d 254 (D.C. Cir. 1993); *Commonwealth v. Jones,* 530 Pa. 536, 610 A.2d 439 (1992). In each of these cases, however, as well as those which consider post-appeal fugitive status, courts have cited *Molinaro v. New Jersey,* 396 U.S. 365, 366 (1970), wherein the Supreme Court stated:

> No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudi-

---

[4] We agree with the court of appeals' reasoning that the holding in *Ortega-Rodriguez* is not dispositive here since what is at issue is not the dismissal of Braun's appeal, but the dismissal of her postconviction motion pursuant to sec. 974.06. *Braun,* 178 Wis. 2d at 257 n.2.

cable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims.

*See also Estelle v. Dorrough,* 420 U.S. 534, 537 (1975) ("This Court . . . has long followed the practice of declining to review the convictions of escaped criminal defendants."); *Feigley v. Fulcomer,* 833 F.2d 29, 31 (3d Cir. 1987) ("There can be no serious argument that an escape by a prisoner seeking relief from a state court is usually a knowing decision by the prisoner that he will not abide by the outcome of the court's lawful processes."); *Commonwealth v. Jones,* 530 Pa. 536, 540, 610 A.2d 439, 440 (1992) (the escape of a convicted felon from confinement may be considered a rejection of the legitimate means afforded the defendant for challenging his conviction and imprisonment); and *State v. John,* 60 Wis. 2d 730, 735, 211 N.W.2d 463 (1973) (a court should not coddle those who are defiant of its authority, yet ask for its relief).

In this case, Braun's escape not only disrupted the orderly operation of the judicial processes within which she initially sought a resolution of her claims pursuant to sec. 974.02,[5] but it also reflected a disdain for the entire judicial system. *See United States v. Parrish,* 887 F.2d 1107, 1108 (D.C. Cir. 1989).

## PURPOSE OF SECTION 974.06(4), STATS.

The purpose of sec. 974.06(4) is clear: it was designed to compel a prisoner to raise all questions available to him or her in one original, supplemental or amended motion. *See* Wis. Stats. Ann. sec. 974.06, Comments—L. 1969, c. 255 (West 1985). Any issue not

---

[5] *See United States v. Persico,* 853 F.2d 134 (2d Cir. 1988).

so raised or which has been finally adjudicated on direct appeal may not be the basis of a subsequent motion. The sole exception in subsection (4) occurs when the court determines that a sufficient reason exists which would excuse the failure to raise an issue on direct appeal. The "sufficient reason" exception extends only to issues of constitutional or jurisdictional dimensions. *State v. Klimas,* 94 Wis. 2d 288, 308, 288 N.W.2d 157 (Ct. App. 1979); *State v. Escalona-Naranjo,* 185 Wis. 2d 169, 182, 517 N.W.2d 157 (1994).

By filing a postconviction motion under sec. 974.02, Braun invoked the jurisdiction of the court. Judge Raskin's dismissal of the postconviction motion was a proper sanction in response to her flouting of the court's jurisdiction. When she escaped during the pendency of her postconviction motion, Braun forfeited all claims she either raised or could have raised in that motion. *See Escalona-Naranjo,* at 185 Wis 2d at 186. The circuit court was ready to provide Braun with her day in court. Rather than appear and prosecute her appellate rights, she chose to escape and thereby forfeited her right to be heard on the merits of her claims. The dismissal serves as a final adjudication of the postconviction motion and has *res judicata* effect on future attempts to litigate the same claims. Braun is thereby precluded from renewing her claims by virtue of sec. 974.06(4).

## *ISSUES OF CONSTITUTIONAL DIMENSION*

Braun argues that the prosecutorial misconduct claim raised under sec. 974.06; (a) was distinct from the prosecutorial misconduct claim raised in her initial postconviction motion before Judge Raskin; (b) was not finally adjudicated by Judge Raskin's dismissal; and (c)

165

was of such a constitutional nature as to justify her right to collateral relief.

Although Braun raised several prosecutorial misconduct claims in her 1977 sec. 974.02 motion, she argues that she has now alleged one new ground in support of those prosecutorial misconduct claims in her sec. 974.06 motion. Specifically, Braun alleges that during her trial, the prosecutor misrepresented the actual plea negotiations between the state and Seymour. She argues that Seymour gave untruthful testimony at her trial because he testified that the state would recommend prison at his sentencing hearing. When Seymour was in fact sentenced in January, 1977, the state made no specific recommendation and left sentencing up to the discretion of the court.

Braun looks to the case of *Bergenthal v. State,* 72 Wis. 2d 740, 242 N.W.2d 199 (1976), which held that if a constitutional issue in a sec. 974.06 motion might properly have been raised in the direct appeal, but was not, the trial court must still consider the merits of the claim. She argues that since this prosecutorial misconduct claim was not raised in her prior motion, she can now litigate that issue pursuant to sec. 974.06. However, we are today overruling *Bergenthal* in *Escalona-Naranjo,* at 185 Wis 2d at 182 because the holding in *Bergenthal* is contrary to sec. 974.06(4), Stats.

Seymour's sentencing hearing occurred in January, 1977, and Braun's sec. 974.02 motion was not filed until August of that year. Braun fails to allege any reason why this claim was not asserted in her sec. 974.02 motion. Consequently, Braun has failed to establish a sufficient reason, pursuant to sec. 974.06(4), why the second prosecutorial misconduct claim was not raised in her earlier motion.

Finally, Braun argues that the circuit court did not have authority to dismiss her sec. 974.02 motion under sec. 805.03, Stats., because sec. 805.03 is a civil procedure statute. We need not address that issue here. When Braun escaped from prison and failed to prosecute her sec. 974.02 motion, the circuit court had the inherent authority to dismiss her motion with prejudice. The court of appeals correctly concluded that a circuit court has the inherent authority to dismiss a sec. 974.06 motion when the fugitive defendant " 'obstruct[s] the administration of justice' " by failing to prosecute the motion because of the escape. *Braun,* 178 Wis. 2d at 257 (quoting *John,* 60 Wis. 2d at 735–36).

Due to her escape, Braun forfeited her right to pursue postconviction claims in a direct appeal. The forfeiture served as a final adjudication of those issues. Braun is now precluded from relitigating her claims in a sec. 974.06, Stats., motion.

*By the Court.*—The decision of the court of appeals is affirmed.