IN the INTEREST OF LAMONTAE D. M., a person Under
the Age of 18:

STATE of Wisconsin, Petitioner-Respondent,

v.

LAMONTAE D. M., Respondent-Appellant.

Court of Appeals

*No. 98–1700. Submitted on briefs September 11,
1998.—Decided December 2, 1998.*

(Also reported in 589 N.W.2d 415.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Terry W. Rose* of *Rose & Rose* of Kenosha.

On behalf of the petitioner-respondents, the cause was submitted on the briefs of *Margaret J. Borkin,* assistant district attorney and *James E. Doyle,* attorney general and *Gregory M. Posner-Weber*, assistant attorney general.

Before Brown, Nettesheim and Anderson, JJ.

ANDERSON, J. The State of Wisconsin has moved to dismiss Lamontae D. M.'s direct appeal of his delinquency adjudication on the grounds that the day after he was placed in a residential treatment center he absconded. We determine that Lamontae's absconding from the residential treatment center constitutes a forfeiture of his direct appeal rights. Therefore, we grant the State's motion and dismiss Lamontae's direct appeal.

On March 5, 1998, Lamontae was found delinquent for possession of a dangerous weapon by a person under the age of eighteen. As part of the disposition, the juvenile court ordered that Lamontae's custody be transferred to Racine County Human Services and that he be placed in a residential treatment center. On March 27, the day after his placement at the residential treatment center, Lamontae fled the treatment center. Lamontae's current whereabouts are unknown.

Lamontae's trial counsel filed a Notice of Intent to Pursue Postconviction Relief on March 18, 1998, and an amended notice on March 31, 1998. Lamontae's postconviction counsel filed a Notice of Appeal on June 4, 1998, challenging the juvenile court's order denying a motion to suppress due to an invalid investigatory stop.[1] On August 6, 1998, the State filed a motion to

---

[1] We have had doubts about whether we have jurisdiction because Lamontae fled the treatment center the day after his placement in the facility, creating the presumption that appellate counsel has not consulted with his client. Counsel in matters arising under the Juvenile Justice Code may not act on the client's behalf without the client's consent and authorization. *Cf. E.H. v. Milwaukee County*, 151 Wis. 2d 725, 736–38, 445 N.W.2d 729, 734 (Ct. App. 1989) (appointed adversary coun-

dismiss setting forth the facts of Lamontae's absconding and arguing that under *State v. Braun*, 185 Wis. 2d 152, 160–61, 516 N.W.2d 740, 743 (1994), "[A]n individual on fugitive status abandons his application for relief on the merits of a postconviction proceeding."

Lamontae's postconviction counsel counters that *Braun* is limited to adult criminal defendants who are

---

sel has the same function, duties and responsibilities as he would have if he were retained by the person involved as his or her own attorney). As the Wisconsin Supreme Court has held, "[T]he client must decide whether to file an appeal and what objectives to pursue, although counsel may decide what issues to raise once an appeal is filed." *State v. Debra A. E.*, 188 Wis. 2d 111, 125–26, 523 N.W.2d 727, 732 (1994) (footnote omitted).

Because we have a duty to independently inquire as to our jurisdiction, *see State ex rel. Teaching Assistants Association v. University of Wisconsin-Madison*, 96 Wis. 2d 492, 495, 292 N.W.2d 657, 659 (Ct. App. 1980), we issued an order to Lamontae's appellate counsel to advise us if he personally consulted with Lamontae before commencing this appeal. Counsel responded that he was appointed to represent Lamontae after he absconded from the residential treatment center and has been unable to consult with Lamontae or his mother. Counsel did inform us that he had several consultations with trial counsel who informed him that Lamontae did want to appeal the order denying his motion to suppress. This representation is supported by a document signed by Lamontae and his trial counsel on the day of his dispositional hearing indicating his intention to seek postdispositional relief and a Notice of Intent to Pursue Post-Dispositional Relief filed by trial counsel.

Based upon appellate counsel's response and the record, we conclude that trial counsel properly informed the juvenile about the rights of appeal. We are satisfied that before he absconded, Lamontae had sufficient information on the right of appeal and was able to make a fully-informed decision about whether and how to exercise his right of appeal. *See State ex rel. Flores v. State*, 183 Wis. 2d 587, 605, 516 N.W.2d 362, 367 (1994).

fugitives during the pendency of postconviction pro-
ceedings. He reasons that because he was not in
custody, as defined in § 946.42(1)(a), STATS., when he
ran from the residential treatment center, he is not a
fugitive and the penalty imposed by *Braun* is not
applicable.

■

Whether a juvenile who absconds from court-
ordered treatment abandons his or her direct appeal
from the delinquency adjudication is a question of first
impression.[2] This question requires us to apply the law
governing the status of appellate proceedings when a
juvenile runs away. This is a question of law that we
will answer de novo. *See State v. White*, 177 Wis. 2d
121, 124, 501 N.W.2d 463, 464 (Ct. App. 1993).

Our decision is guided by *Braun*. In that case,
Kathleen Braun filed a motion for postconviction relief
under § 974.02, STATS., and during the pendency of that
motion she escaped from Taycheedah Correctional
Institution. *See Braun*, 185 Wis. 2d at 156–57, 516
N.W.2d at 741–42. The trial court dismissed the motion
based upon her escape. Some four years later, Braun
was returned to custody and filed a motion to vacate
her conviction pursuant to § 974.06, STATS. *See Braun*,
185 Wis. 2d at 157, 516 N.W.2d at 742. The trial court
dismissed her motion on the merits and we subse-
quently affirmed that decision in *State v. Braun*, 178
Wis. 2d 249, 504 N.W.2d 118 (Ct. App. 1993). Further,
we concluded that the dismissal of her initial postcon-
viction motion because of her escape "had the effect of
finally adjudicating the issues raised in that motion,"

---

[2] Because this is a question of first impression, this appeal
was converted to a three-judge appeal pursuant to RULE
809.41(3), STATS., and the attorney general was invited to sub-
mit a supplemental brief, which has been filed.

and she was precluded from raising the same issues in her § 974.06 motion. *Braun*, 185 Wis. 2d at 157–58, 516 N.W.2d at 742.

The Wisconsin Supreme Court affirmed our decision. The supreme court pointed out that the effect of a defendant's escape during the pendency of postconviction proceedings is not a new question. *See id.* at 162, 516 N.W.2d at 744. After a brief review of leading decisions on the question, the supreme court held that Braun's escape was a forfeiture of her appeal rights:

> In this case, Braun's escape not only disrupted the orderly operation of the judicial processes within which she initially sought a resolution of her claims pursuant to sec. 974.02, but it also reflected a disdain for the entire judicial system.

*Id.* at 164, 516 N.W.2d at 744–45 (footnote omitted; citation omitted).

In this appeal, Lamontae attempts to distinguish *Braun*. First, he argues that *Braun* is limited "to criminal cases and criminal defendants who were fugitives from the law while their case is pending in the courts." He supports this conclusion by asserting that he cannot be charged with escape under § 946.42(1)(a), STATS., because placement in a residential treatment center does not fit within the definition of "custody" in the escape statute. Second, he contends that *Braun* is limited to postconviction motions, while this is a direct appeal.

As to his first contention, we understand Lamontae's argument to be that the forfeiture of appeal rights occurs as a direct result of a defendant's violation of the escape statute, § 946.42(1)(a), STATS.; and because he was not in "custody" and did not escape,

he cannot forfeit his appeal rights. His reasoning is faulty. In *Braun,* the court's rationale was not founded upon a potential violation of the escape statute. Rather, the court held that the forfeiture of appeal rights occurs because a defendant's fugitive status is "a rejection of the legitimate means afforded the defendant for challenging his conviction and imprisonment." *Braun,* 185 Wis. 2d at 164, 516 N.W.2d at 744 (citing *Commonwealth v. Jones,* 610 A.2d 439, 440 (1992)). We reject the first argument.

As to the second argument, we can find no reported decision which distinguishes between an escape during the pendency of a direct appeal and an escape during the pendency of postconviction motions. We decline to fashion such a rule because it is a distinction without a difference.

█

There are several reasons why *Braun* should be applied to this juvenile case. In *State v. Troupe,* 891 S.W.2d 808 (Mo. 1995), the Missouri Supreme Court listed several justifications for the escape rule. First, a defendant's escape has an adverse impact on the criminal justice system. Second, a defendant cannot be permitted to speculate on the chances of reversal, keeping out of the reach of justice in hopes of securing a reversal but being prepared to remain a fugitive in the event of an affirmance. Third, a defendant's escape creates administrative problems for appellate courts, which would be required to place an appeal on hold for an inordinate length of time. Fourth, the extended delay caused by an escape creates an almost certain prejudice to the state in the event of a remand. *See id.* at 810–11. In *State v. Canty,* 650 A.2d 391 (N.J. Super. Ct. App. Div. 1994), the court recognized two other justifications for the escape rule. First, any order ren-

dered by an appellate court cannot be enforced against a fugitive. Second, the dismissal because of escape has a deterrent function and promotes efficient and dignified appellate practice. *See id.* at 392.

■

We conclude that all of these justifications for the escape rules are compelling reasons why it should be applied to Lamontae. Lamontae's absconding from the residential treatment center evinces his complete rejection of the rehabilitative opportunities provided by the juvenile court. Likewise, his flight further demonstrates his utter contempt for the judicial system and lack of respect for the laws of the State of Wisconsin. We acknowledge that in dismissing this appeal we are denying Lamontae review of a constitutional claim—whether the stop and subsequent search were violative of the Fourth Amendment of the Constitution. However, "respect for judicial process is a small price to pay for the civilizing hand of law, which alone can give abiding meaning to constitutional freedom." *Walker v. Birmingham,* 388 U.S. 307, 321 (1967). If Lamontae wants to take advantage of his constitutional protections, he should not show contempt for the lawful judicial process by absconding from a treatment center during the pendency of his appeal.

*By the Court.*—Appeal dismissed.