REILLY, P.J.[1]
¶ 1 Laura Mandujano appeals pro se from an order denying her motion to reopen a default judgment dismissing her case with prejudice and awarding attorney's fees to Jose Mendoza for her failure to appear at trial. As Mandujano failed to show good cause to reopen the default judgment, we affirm.
¶ 2 On July 24, 2017, Mandujano initiated a small claims action against Mendoza, alleging that he owed her $9300 for a "roofing/wrapping job" that he did not complete. The case was set for a bench trial on November 6, 2017. On October 30, 2017, Mandujano filed an agreement to adjourn the November 6, 2017 trial date, and the court accepted the filing as a stipulation to an adjournment. The agreement, signed by both parties, requested an adjournment from November 6, 2017, to January 8, 2018.
¶ 3 The court granted the request for adjournment, but it set the new trial date for December 5, 2017.[2] In the notice of hearing sent out by the court, the parties were notified that the trial scheduled for December 5, 2017, would not be adjourned "except upon formal motion for good cause or with specific approval of the court upon stipulation by all parties." Nevertheless, on November 29, 2017, the court received a letter from Mandujano indicating that she would be working out of state in December and requesting a trial date of January 8, 2018, or another date in January. The court contacted Mendoza's counsel, who objected to another adjournment. The trial remained scheduled for December 5, 2017, and the court clerk informed Mandujano by telephone that she was required to appear personally on that date. Mandujano did not appear on the scheduled trial date.
¶ 4 As a result, the court dismissed Mandujano's claim with prejudice under WIS. STAT. § 799.22(1) and awarded attorney's fees in the amount of $300 to Mendoza. Mandujano filed a motion to reopen pursuant to WIS. STAT. § 799.29(1)(a), arguing that she had informed both the court and Mendoza's counsel that she would be out of the state for work and, therefore, was unable to attend the December 5, 2017 trial date. The court denied Mandujano's motion without a hearing, reasoning that she failed to meet statutory requirements and did not demonstrate good cause.
¶ 5 Under WIS. STAT. § 799.22(1), when "the plaintiff fails to appear on the return date or on the date set for trial, the court may enter a judgment for the defendant dismissing the action, on motion of the defendant or on its own motion." Here, the circuit court acted pursuant to its statutory authority, granting a judgment for Mendoza dismissing the case with prejudice. WISCONSIN STAT. § 799.29(1)(a) provides: "There shall be no appeal from default judgments, but the trial court may, by order, reopen default judgments upon notice and motion or petition duly made and good cause shown."[3]
¶ 6 We first address a defect in Mandujano's appeal. Mandujano's pro se brief in chief[4] makes no argument concerning the circuit court's denial of the motion to reopen. She focuses entirely on her argument that the court "abused its discretion in dismissing the claim with prejudice" and that her "behavior [did] not rise to the level of egregious behavior or bad faith to warrant a dismissal with prejudice." Mandujano fails to address the motion to reopen, WIS. STAT. § 799.29, or "good cause." Despite the confusion, the appeal in this case can only be from the denial of the motion to reopen. Section 799.29(1) bars an appeal from a default judgment, only permitting an appeal from the order denying the motion to reopen a default judgment. We cannot provide Mandujano a do-over of the default judgment. We are an error correcting court, and we must comply with the laws of this state, even concerning how we address appeals.
¶ 7 Thus, in this appeal we will address whether the circuit court properly exercised its discretion in denying Mandujano's motion to reopen the default judgment. The circuit court's decision to grant or deny a motion to reopen a default judgment is reviewed for an erroneous exercise of discretion. Dugenske v. Dugenske , 80 Wis. 2d 64, 68, 257 N.W.2d 865 (1977). "A discretionary decision will be sustained if the circuit court has examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." Johnson v. Allis Chalmers Corp. , 162 Wis. 2d 261, 273, 470 N.W.2d 859 (1991), overruled on other grounds by Industrial Roofing Servs., Inc. v. Marquardt , 2007 WI 19, 299 Wis. 2d 81, 726 N.W.2d 898. We will generally look for reasons to sustain a discretionary determination. Steinbach v. Gustafson , 177 Wis. 2d 178, 185, 502 N.W.2d 156 (Ct. App. 1993). We may independently search the record to find support for the circuit court's exercise of discretion. See Stan's Lumber, Inc. v. Fleming , 196 Wis. 2d 554, 573, 538 N.W.2d 849 (Ct. App. 1995).
¶ 8 In this case, the circuit court properly exercised its discretion to dismiss this action with prejudice and deny Mandujano's motion to reopen.[5] Mandujano has failed to show "good cause," which is necessary to overcome a default judgment. See WIS. STAT. § 799.29(1)(a). The term "good cause" is not defined in the statutes, but our courts have determined that it is generally appropriate to consider the factors set forth in WIS. STAT. § 806.07(1), which includes "mistake, inadvertence, and excusable neglect."[6] Although she does not address it, our review of Mandujano's arguments suggest that she is arguing excusable neglect for her failure to appear at the trial as she was out of state for work and she informed the court of this fact prior to trial.
¶ 9 The only reason for her absence Mandujano supplied in her motion to reopen was that she was "out of state for work." She claims to this court that "[t]he [circuit] court acknowledged that she was out of state for work" as "this information was stated by the Judge on the day of trial." Thus, she argues, it was error for the court to "[hold] her accountable for not appearing." Mandujano provided no evidence that she was actually out of state, that she was out of state for business reasons, or that she was absolutely precluded from taking time off work to return to Wisconsin for a scheduled court trial in a case that she commenced. Mandujano was made aware by the clerk that the December 5 trial date remained on the calendar, and Mandujano was informed that she was required to appear in person. Despite these warnings, she failed to appear.
¶ 10 Further, Mandujano's request for an adjournment due to her alleged work responsibilities was not timely. The record on appeal demonstrates that the parties first appeared in court on August 24, 2017, and the trial date was scheduled for November 6, 2017. A mere seven days before trial, Mandujano filed an agreement with the court requesting an adjournment. The stipulated request did not indicate the reason for the adjournment-later filings indicated that Mandujano planned to be out of state from October to December. The court granted the parties' request for the adjournment, but denied the request for a specific trial date of January 8, 2018, instead scheduling the trial for December 5, 2017.[7]
¶ 11 The circuit court sent out the notice of adjourned trial date on October 30, 2017. Despite knowing that she would be out of state from October to December, Mandujano delayed informing the court of her unavailability until six days before trial, on November 29, 2017. Mandujano should have considered how her other commitments would conflict with the trial date more than a week in advance, especially considering she had more than thirty days' notice of the trial date. Instead, she took no action and waited to notify the court of her unavailability. The circuit court properly exercised its discretion in determining that this was not good cause to reopen a default judgment under WIS. STAT . § 799.29(1)(a), but was instead akin to inattentiveness or carelessness. Therefore, we uphold the circuit court's decision not to reopen the default judgment.[8]
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(a) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

The record includes a copy of the handwritten letter, signed by Mandujano and counsel for Mendoza, requesting the adjournment with the January 8, 2018 date crossed out. Mendoza indicated that the court crossed out the date.

Here, the legislature has prescribed a different procedure applicable only to small claims proceedings, and the general rules of civil procedure do not apply. See Wis. Stat. §§ 799.01(1) (procedure in Wis. Stat. ch. 799 is the exclusive procedure for use in small claims actions); 799.04(1) (general rules of practice and procedure apply to small claims actions except as otherwise provided in ch. 799); 801.01(2) (general rules of civil procedure do not apply where a different procedure is prescribed by statute or rule). Wisconsin Stat . § 799.29(1) provides a different procedure for reopening a default judgment, distinct from Wis. Stat. § 806.07(1), and the procedure set forth in § 799.29(1) provides the exclusive method to reopen a small claims judgment. See King v. Moore , 95 Wis. 2d 686, 690, 291 N.W.2d 304 (Ct. App. 1980).

Mandujano did not file a reply brief.

Although our review in this case is of the order denying the motion to reopen, we will briefly address the propriety of the circuit court granting the default judgment. Under Wis. Stat. § 799.22(1), the sanction of dismissal is within the circuit court's discretion where the plaintiff fails to appear on the date set for trial. Circuit courts have the authority to impose dismissal as a sanction. See, e.g. , Johnson v. Allis Chalmers Corp. , 162 Wis. 2d 261, 273-74, 470 N.W.2d 859 (1991), overruled on other grounds by Industrial Roofing Servs., Inc. v. Marquardt , 2007 WI 19, 299 Wis. 2d 81, 726 N.W.2d 898 ; see also Wis. Stat. § 805.03 (authorizing dismissal where a party fails "to obey any order of [the] court"). "Because dismissal is such a harsh sanction, however, the supreme court has held that dismissal is proper only when the plaintiff has acted in bad faith or has engaged in egregious misconduct." Schultz v. Sykes , 2001 WI App 255, ¶ 9, 248 Wis. 2d 746, 638 N.W.2d 604. Bad faith is established where there is a demonstrated knowing disregard of the judicial process. Milwaukee Constructors II v. Milwaukee Metro-Sewerage Dist. , 177 Wis. 2d 523, 533, 502 N.W.2d 881 (Ct. App. 1993). A party has acted in bad faith when he or she has failed to appear when ordered for trial "on the ground that the necessity of the court to maintain the orderly processing of cases and the dispatch of justice required it." See State v. John , 60 Wis. 2d 730, 736, 211 N.W.2d 463 (1973) (citation omitted).
We hold that the court did not erroneously exercise its discretion by dismissing Mandujano's action with prejudice because there was a reasonable basis for the court to determine that Mandujano's failure to personally appear for the December 5, 2017 trial was in bad faith and without a clear and justifiable excuse. Mandujano had ample notice of the scheduled trial date, but waited until less than a week before the date to seek an adjournment. When Mandujano was told she must personally appear on December 5, she ignored the court and, thus, displayed a knowing disregard for the judicial process. Mandujano offered no support for her claim that she was not prepared to prosecute her case on the trial date, except to allege that she was working out of state. "Protraction of litigation may be a serious abuse, and it is the duty of trial courts, independently of statute and under inherent powers, to discourage it as much as possible and to refuse their aid to those who negligently or abusively fail to prosecute the actions which they commence." Smith v. Carter , 141 Wis. 181, 184, 122 N.W. 1035 (1910).

"Excusable neglect" is "that neglect which might have been the act of a reasonably prudent person under the same circumstances." Hollingsworth v. American Fin. Corp. , 86 Wis. 2d 172, 185, 271 N.W.2d 872 (1978) (citation omitted). Excusable neglect "is not synonymous with neglect, carelessness or inattentiveness." Martin v. Griffin , 117 Wis. 2d 438, 443, 344 N.W.2d 206 (Ct. App. 1984).

Mandujano faults the circuit court for not giving a "reason as to why [it] could not honor her request nor provide alternative days for the parties to reschedule." We disagree that the court erred. "It is well established in Wisconsin that a continuance is not a matter of right." E.g. , Rechsteiner v. Hazelden , 2008 WI 97, ¶ 92, 313 Wis. 2d 542, 753 N.W.2d 496 (citation omitted). The decision whether to grant or deny a continuance is entirely within the discretion of the circuit court. Id. The circuit court has the discretion to control its docket and calendar. See State v. Chamblis , 2015 WI 53, ¶ 63, 362 Wis. 2d 370, 864 N.W.2d 806 ("[A] circuit court should ... have the discretion to say enough is enough."). The case was filed in July 2017, and the first trial date was not scheduled until November; then the parties requested an adjournment until January 2018. The purpose of the Small Claims Act was to provide an "expeditious[,] inexpensive method of disposing of small claims." Robert F. Boden, Wisconsin Small Claims Practice Under Ch. 299: A Discussion and Some Suggestions , 47 Marq. L. Rev . 38, 38 (1963). The court granted Mandujano and Mendoza's request for an adjournment, but the court is not required to grant a request for a specific trial date or to extend the litigation indefinitely.

Mandujano also seeks reversal "in the interest of justice," arguing that "[f]ailure of a reversal of the circuit court's order will prevent her from trying this case before the court once and for all." We assume Mandujano is referring to our discretionary authority under Wis. Stat. § 752.35 to order a new trial where "it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried." See also Vollmer v. Luety , 156 Wis. 2d 1, 19-20, 456 N.W.2d 797 (1990). Exercise of this authority is rare, and it is reserved for exceptional cases. See State v. Avery , 2013 WI 13, ¶ 38, 345 Wis. 2d 407, 826 N.W.2d 60. As we found no error on the grounds raised by Mandujano, we decline to exercise our authority under § 752.35.